UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jill J. Parker | Alexander Chemers | |

**Proceedings:** PLAINTIFF'S MOTION FOR REMAND (Dkt. 11, filed September 23, 2015)

MOTION TO DISMISS (Dkt. 10, filed September 16, 2015)

## I.  INTRODUCTION & BACKGROUND

On August 5, 2015, plaintiff Ruben Sanchez filed the instant lawsuit in Los Angeles County Superior Court against his former employers, Calportland Company and Catalina Pacific Concrete Company ("defendants"), on behalf of himself and others who are similarly situated. Dkt. 1 (Notice of Removal, Ex. A). Plaintiff asserts ten causes of action, nine of which are brought under the California Labor Code: (1) unpaid overtime, §§ 510, 1198; (2) unpaid meal period premiums, §§ 226.7, 512(a); (3) unpaid rest period premiums, § 226.7; (4) unpaid minimum wages, §§ 1194, 1197, 1197.1; (5) final wages not timely paid, §§ 201, 201; (6) wages not timely paid during employment, § 204; (7) non-compliant wage statements, § 226(a); (8) failure to keep requisite payroll records, § 1174(d); and (9) unreimbursed business expenses, §§ 2800, 2802. Plaintiff also asserts a claim under the California Business & Professions Code, §§ 17200 et seq. Id., Ex. A at 9-35.

On September 9, 2015, defendants filed a notice of removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Dkt. 1. Defendants contend that plaintiff's claims for unpaid overtime and unpaid meal period premiums are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and that this Court should exercise supplemental jurisdiction over plaintiff's remaining claims. Id. On September 16, defendants filed a motion to dismiss the case. Dkt. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**                                              'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

On September 23, 2015, plaintiff filed the present motion to remand. Dkt. 11. On October 5, 2015, defendants filed an opposition, and on October 12, 2015, plaintiff filed a reply. The Court held a hearing on October 26, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

## III.    DISCUSSION

### A.     Preemption under Section 301 of the LMRA

Section 301(a) of the LMRA gives federal courts exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' " Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983), superseded by statute on other grounds as recognized by Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 999 (9th Cir. 2007). "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." Id. "Section 301 governs claims founded directly on rights created by collective-bargaining agreements [("CBAs")], and also claims 'substantially dependent on analysis of a collective-bargaining agreement.' " Caterpillar Inc. v. Williams, 482

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

U.S. 386, 394 (1987); see also Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001).

     Despite the broad preemptive effect of Section 301, a claim that seeks to vindicate "nonnegotiable state-law rights . . . independent of any right established by contract" is not within its scope. Allis-Chalmers Corp. V. Lueck, 471 U.S. 202, 213 (1985). Nor can a defendant invoke preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA," or a "creative linkage" between the subject matter of the suit and the wording of the CBA. Cramer, 255 F.3d at 691-92. To prevail, the argument supporting the need to interpret the CBA "must reach a reasonable level of credibility." Id. at 692.

     The Ninth Circuit has established a two-part test to determine whether a cause of action is preempted by the LMRA. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007).

     First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." Id. To determine whether a particular right inheres in state law or is grounded in a CBA, the court must consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." Id. at 1060, citing Lividas v. Bradshaw, 512 U.S. 107, 123 (1994). A defendant's reliance on the CBA as an aspect of a defense is not enough to "inject[] a federal question into an action that asserts what is plainly a state-law claim." Id. at 1060, citing Caterpillar, 482 U.S. at 398-99 (explaining that "the plaintiff is the master of the complaint" and that if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing.").

     Second, if "the right exists independently of the CBA," the court must still consider whether resolving the dispute is nevertheless "substantially dependent on the analysis of a collective-bargaining agreement." Burnside, 491 F.3d at 1059, citing Caterpillar, 482 U.S. at 394. To determine whether a state-law right is "substantially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

dependent" on the terms of a CBA, the court must decide whether the claim can be resolved by "look[ing] to" versus interpreting the CBA. Id. at 1060, citing Lividas, 512 U.S. at 125. "If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060. "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Cramer, 255 F.3d at 692-93 (a preemption argument is not credible "simply because the court may have to consult the CBA to evaluate [a plaintiff's claim]; [similarly,] 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption," quoting Lividas, 512 U.S. at 125 (1994)).

### B. Plaintiff's Claims for Unpaid Overtime and Meal Period Premiums

The Court addresses below whether plaintiff's claims for unpaid overtime and meal period premiums are preempted by section 301 of the LMRA under the Ninth Circuit's two-prong test.

#### (1) Right Conferred by State Law

Under the first prong of the Ninth Circuit's test, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. Plaintiff contends that his claims are not preempted under this prong because (1) the complaint arises exclusively from state law, having been brought under the California Labor Code and the California Business and Professions Code; (2) the complaint makes no reference to federal law; and (3) plaintiff is not attempting to vindicate any right conferred by a CBA. Mot. at 5:2-10.

The Court agrees with plaintiff. Plaintiff attempts to vindicate his rights under California law, which is "independent" of any rights he might have under the CBA. See Burnside, 491 F.3d at 1059-60.

Defendants argue that plaintiff's claims for unpaid overtime and meal period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**                               'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

premiums are preempted because (1) plaintiff's employment was governed by a CBA;[1] and (2) employees who are covered by a valid CBA are statutorily exempt from the overtime and meal period protections that the California Labor Code provides.  Opp. at 4:23-7:21.  According to defendants, by virtue of California's statutory exemptions, plaintiffs are left with rights conferred by the CBA only and their claims are thus preempted by section 301 of the LMRA.  Id. at 5:2-6.

The statutory exemptions in question are found in sections 514 and 512(e) of the California Labor Code.  Under section 514, section 510–which entitles an employee to overtime pay–does not apply to an employee with a valid CBA if the CBA meets the following requirements:

> [T]he agreement expressly provides for wages, hours of work, and working conditions of the employees, and . . . provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  Under section 512(e), section 512(a)–which entitles employees to meal period premiums–does not apply to an employee with a valid CBA if the CBA meets the requirements stated in section 514, and additionally "expressly provides for meal periods for those employees" and "final and binding arbitration of disputes concerning application of its meal period provisions."  Id. § 512(e).  Section 512(e)'s exemption applies only to certain categories of employees, including commercial drivers.  Id. § 512(f).

---

[1] Plaintiff asserts in his briefing that defendants failed to demonstrate that his employment was governed by a collective-bargaining agreement.  Mot. at 5:13-6:18.  Specifically, plaintiff argues that (1) the collective-bargaining agreement at issue was between the Teamsters Local Union No. 986 and an entity called CPC Services, Inc., not his former employers, and that (2) defendants failed to provide evidence of his membership in Teamsters Local Union No. 986.  Id.  Given that the Court orders remand of this case, plaintiff can litigate these issues in state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

These statutory exemptions, however, do not change the *nature* of plaintiff's state-law claims.² See Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014) ("[T]he fact that the § 514 exemption may apply does not alter the substance of [plaintiff's] claim"). Rather, they are an affirmative defense that defendants must plead and prove in litigating this case. See Cramer, 255 F.3d at 691 ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). If plaintiff's claims for overtime and meal period premiums fail due to the statutory exemptions, "that doesn't mean this Court has jurisdiction, it means [defendant] wins." See Placencia v. Amcor Packaging Distrib., Inc., 2014 WL 2445957, at *2-3 (C.D. Cal. May 12, 2014) (rejecting defendant's argument that exemption from state overtime laws left plaintiff with only CBA-based claims, and noting "Plaintiff, as the master of his complaint, has chosen to plead his overtime claim not under the CBA, but rather under California law. Amcor essentially argues Plaintiff can't plead such a claim. That may be proper grounds for demurrer, but it is not sufficient grounds for removal here.").

Plaintiff's claims for unpaid overtime and meal period premiums, therefore, are not preempted under the first prong of the Ninth Circuit's test.

### (2) "Substantially Dependent" on Analysis of CBA

Under the second prong of the Ninth Circuit's test, the Court must consider whether resolving the dispute is "substantially dependent" on the analysis of a collective-bargaining agreement. Burnside, 491 F.3d at 1059-60. Plaintiff argues that his claims

---

²At oral argument, defendants' counsel contended that Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993 (9th Cir. 1987), supported their position that plaintiff's claims were "artfully pleaded" to avoid federal jurisdiction and that plaintiff should have brought his claims under the CBA, not the California Labor Code. Young, however, involved a breach-of-contract claim, where "[t]he subject matter of the contract . . . is a job position covered by the CBA." Id. at 997. In other words, the case did not address the California Labor Code and its statutory exemptions. Given that the Ninth Circuit has specifically addressed the California Labor Code's statutory exemptions in the context of preemption under section 301 of the LMRA, Young is inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

are not preempted because the Court is not required to analyze the CBA to resolve this dispute. Mot. at 6:22-24.

Given defendants' argument that the statutory exemptions in sections 512(e) and 514 divest plaintiff of his right to pursue overtime and meal period premiums under California law, the dispute requiring resolution here is whether the statutory exemptions apply to plaintiff's claims. See Raphael v. Tesoro Ref. & Mktg., 2015 WL 3970293, at *5 (C.D. Cal. Jun. 30, 2015). If a court must interpret the CBA to determine whether the statutory exemptions apply, plaintiff's claims would be preempted. Id. ("[I]f interpretation of the CBAs is necessary to determine if the exemptions apply, the process of doing so would necessarily satisfy the second prong of the Burnside test.")

Here, a court need not "interpret" the CBA at issue to determine whether the statutory exemptions apply. The statutory exemptions apply if, under California law, the CBA that covers the employee "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e). No "interpretation" is needed of the CBA at issue—which is straightforward and clear—to determine whether it provides an employee with the rights listed in sections 512(e) and 514. See Vasserman, 65 F. Supp. 3d at 956 (where the CBA is "straightforward and clear" and "no interpretation is required to determine the applicability of the exemption," plaintiffs' claims are not preempted); see also Placencia, 2014 WL 2445957, at *2 ("Determining whether Plaintiff's claim fails [because of a statutory exemption] requires interpreting state law, not the CBA.").

Defendants contend, however, that the Court must interpret the CBA to adjudicate plaintiff's state-law claims, pointing to two provisions in the CBA as examples. Opp. at 8:9-28. The Court is not persuaded, as neither example demonstrates a need to interpret the CBA. First, defendants refer to a provision under "Lunch Periods," which states, "[u]nless the employee qualifies for an exception and signs an On-Duty Meal Period Agreement provided by the Company, it is the employee's obligation under the law and Company policy to take an off-duty meal period of at least 30 minutes within the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

periods identified above." Id. at 8:15-19.  According to defendants, the Court will need to interpret the terms of the CBA to determine which employees qualify for an exception, given the complaint's allegation that those "who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period . . . ." Id. at 8:20-22 (citing Compl. ¶ 62). Defendants' argument misses the point; determining which "employee qualifies for an exception" to the conditions imposed on off-duty meal periods is irrelevant to the issue of whether or not the CBA expressly provides for meal periods, thereby exempting an employee covered by the CBA from California's meal periods laws.

Second, defendants refer to a provision under "Overtime Pay," which states, "[t]here shall be no pyramiding of overtime; overtime will not be paid under more than one of the above classes of overtime for the same hours worked." Id. at 8:22-25. Defendants argue that the Court will need to interpret the terms of the CBA to determine what qualifies as "pyramiding of overtime." Id. at 8:25-27.  Here too, making this determination is irrelevant to the issue of whether or not the CBA provides for "premium wage rates for all overtime hours worked," thereby exempting plaintiff from California's overtime laws.  Moreover, the term, "pyramiding of overtime," is already clearly defined in the CBA as paying overtime "under more than one of the above classes of overtime for the same hours worked," with "above classes" referring to "work performed . . . in excess of eight (8) hours in any one (1) day or in excess of forty (40) hours in any work week, whichever is greater, [] . . . [o]n Saturdays, and . . . [o]n Holidays." Sleeper Decl. ¶ 2, Ex. A at Art. V.

By contrast, where courts in the Ninth Circuit have found that a plaintiff's overtime or meal period premium claim was preempted under section 301 of the LMRA, it was on the basis that the court would be required to interpret the CBA to determine whether the statutory exemption applied.[3]  For example, in Firestone v. Southern California Gas Co.,

---

[3] In Coria v. Recology, Inc., however, the court departed from the analysis conducted by other courts in the Ninth Circuit.  It held that plaintiff's claims for overtime and meal period premiums were preempted because the statutory exemptions foreclosed plaintiff's state-law claims and left him with rights that existed solely as a result of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
|---|---|---|---|
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

plaintiffs were meter readers whose unions had negotiated "flat sums for completing meter reading routes of assigned lengths" and an "adjustment to the flat sum normally paid" for overtime work. 219 F.3d 1063, 1065 (9th Cir. 2000). Because plaintiffs and defendant had a different interpretation of what the "regular rate" of pay was, based on which overtime pay was calculated, the court held that "one could not determine whether plaintiffs were receiving a 'premium wage rate' for overtime under the collective bargaining agreement–making them exempt from California overtime laws–without interpreting that agreement to determine, *inter alia*, what the regular rate was." Id. at 1066. Plaintiffs' claims were, therefore, preempted. Id. at 1067.

In Raphael, defendant had "affirmatively presented the Court with a plethora of provisions in need of interpretation throughout the eight separate CBAs covering Raphael and the aggrieved employees he s[ought] to represent." 2015 WL 3970293, at *6. The court found that plaintiff's claims were preempted, given "the complexity involved in calculating the proper wage and premium wage rates under only a single CBA" and the "essential terms that will need to be interpreted in order to determine if the statutory exemptions apply." Id.

Here, because the Court need not interpret the CBA to determine whether the statutory exemptions apply, plaintiff's claims for unpaid overtime and meal period premiums are not preempted under the second prong of the Ninth Circuit's test.

---

CBA. 63 F. Supp. 3d 1093, 1097-99 (N.D. Cal. Aug. 7, 2014). Coria, however, appears to be an anomaly. Decisions published after Coria understood Coria's holding to be based on the finding that "§ 301 preempted the plaintiff's claims under CLC § 510 and § 512(a) because deciding if the exemptions applied required interpreting the CBA," Raphael, 2015 WL 3970293, at *6, or that plaintiff's overtime claim was "substantially dependent upon" an analysis of the CBA, Vasserman, 65 F. Supp. 3d at 958 n.72.

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS - 6 |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | 2:15-cv-07121-CAS-SHx | Date | October 26, 2015 |
| Title | RUBEN SANCHEZ V. CALPORTLAND COMPANY, ET AL. | | |

## IV. CONCLUSION

Because plaintiff's claims for unpaid overtime and meal period premiums are not preempted by section 301 of the LMRA, the Court lacks subject matter jurisdiction over these claims. It also necessarily follows that the Court has no basis to exercise supplemental jurisdiction over plaintiff's other claims. Accordingly, the Court GRANTS plaintiff's motion to remand his case to the Los Angeles County Superior Court. In light of this ruling, defendants' motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

|  |  | 00 | : | 10 |
|---|---|---|---|---|
|  | Initials of Preparer | | CL | |